# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ex rel. TYREK S. GARRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 06 C 1692 |
| ) | |
| TERRY MCCANN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Tyrek S. Garry's ("Garry") motion for a certificate of appealability. For the reasons stated below, we deny the motion for a certificate of appealability.

## BACKGROUND

Following a jury trial in the Macon County Circuit Court, Illinois, ("Trial Court") Garry was convicted of home invasion, armed robbery, and armed violence. Subsequently, on January 14, 2000, Garry was sentenced to an extended-term of forty years in prison for the armed violence conviction, based on a prior Class X felony conviction, twenty five years in prison for the home invasion conviction, and

1

twenty five years in prison for the armed robbery conviction, with all sentences to run concurrently, and the Trial Court also ordered Garry to serve eighty five percent of his sentence, pursuant to the truth-in-sentencing provision in 730 ILCS 5/3-6-3(a)(2)(iii) upon agreeing with the jury's finding that Garry had inflicted great bodily harm upon the victim. Garry then appealed his conviction to the Illinois Appellate Court, Fourth District ("Illinois Appellate Court") and on July 6, 2001, the Illinois Appellate Court affirmed Garry's conviction. Garry then filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on October 3, 2001. On May 17, 2001, while his direct appeal was pending, Garry filed a *pro se* post-conviction petition in the Circuit Court of Macon County, which was dismissed on March 24, 2003. The Illinois Appellate Court affirmed the dismissal on January 13, 2005 and the Illinois Supreme Court denied Garry's petition for leave to appeal on May 25, 2005. On March 28, 2006, Garry filed a petition for writ of *habeas corpus* ("Petition") and on February 13, 2007, we denied the Petition. Garry has now filed a motion for a certificate of appealability.

**LEGAL STANDARD**

If a court denies a petition for writ of *habeas corpus* and the petitioner wishes to appeal that ruling the petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c). A court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

**DISCUSSION**

In the Petition, Garry argued: (1) the State knowingly and intentionally used perjured testimony; (2) ineffective assistance of trial counsel for not raising the issue of the State's knowing and intentional use of perjured testimony; (3) ineffective assistance of appellate counsel for not raising the issue of the State's knowing and intentional use of perjured testimony; (4) ineffective assistance of post-conviction counsel; and (5) the law under which Garry received his extended-term sentence for home invasion violates the Illinois constitution.

I.  Extended-Term Sentence

Garry argued in the Petition that the Trial Court's imposition of an extended-term sentence was unconstitutional because it violated Illinois law. Garry was sentenced pursuant to 720 ILCS 5/33A-3(a), which was later amended, *see People v. Garry*, No. 4-04-0310 (Ill. App. Ct. 2005)(noting that the law was amended). The amended law was subsequently found by the Illinois Supreme Court to violate the Illinois constitution's single subject clause. *See id.* (describing the history of the law); *see also* Ill. Const., art. IV § 8(d) (single subject clause). On direct appeal,

3

Garry did not rely on any federal cases. Instead, he only cited state cases that applied a state law analysis. Additionally, Garry did not frame the claim in such a way as to call to mind a constitutional right, but instead relied on the state constitution. We properly concluded that Garry failed to alert the state courts as to any violations of his federal constitutional rights. In addition, we noted that the federal Constitution does not contain a "single subject clause" and that Garry's argument was strictly a matter of state law.

In addition, Garry argued in the Petition that evidence introduced at his sentencing hearing deprived him of a fundamental right. In order for a petitioner to show that he was deprived of a fundamental right at trial, he must prove that he was deprived of a right under federal law that resulted in a fundamental unfairness in violation of due process. *Lechner v. Frank*, 341 F.3d 635, 642 (7th Cir. 2003)(citing Estelle, 502 U.S. at 67-68). A fundamental unfairness occurs only if the state law "rulings were so prejudicial that they compromised the petitioner's right to a fundamental fair trial." *Anderson v. Sternes*, 243 F.3d 1049, 1052, 1053 (7th Cir. 2001)(noting "that the error must have produced a significant likelihood that an innocent person has been convicted").

As explained in our prior ruling, Garry failed to point to sufficient evidence that would show that his right to a fair trial was violated in any way. The victim testified that:

> around 5:15 a.m. on July 11, 1999, she awakened to find three masked men in her apartment. The intruders, one of whom [she] later identified as [Garry], tried to intimidate [her] into giving them money and drugs by opening and

closing the slides on their automatic pistols and pointing the weapons at her. When [she] told them she did not have any money, [Garry] and his co-defendant, Brandon Pugh, began beating the left side of her head and hip with their weapons. [She] stated that they hit her in the head so many times that she "actually saw a vision of Jesus Christ on the wall." Pugh continued to beat [her] with his gun, and with the help of the third intruder, held her down while [Garry] straddled her. [Garry] then put one of his hands around [her] throat and choked her so hard that she gasped for air, urinated on herself three times, and started menstruating. The beating continued for about 30 minutes, until police officers arrived and kicked open the apartment door. At that point, [Garry], Pugh, and the other intruder fled through a window, taking [her] car keys and a gold necklace.

*People v. Garry*, 752 N.E.2d 1244, 1246-47 (Ill. App. Ct. 2001). Based on these facts, the jury found Garry guilty of home invasion, armed robbery, and armed violence. The Trial Court subsequently held a sentencing hearing, during which evidence was presented that Garry had inflicted great bodily harm upon the victim, and considered the presentence report that stated that Garry had previously been convicted of a Class X felony, which qualified him for an extended-term sentence. Garry has failed to point to sufficient evidence that the use of such evidence at the sentencing stage was so prejudicial that he did not have a fair trial. In addition, after reviewing the record in its totality, we conclude that there is also insufficient evidence to show that Garry's sentence was unreasonable or disproportionate to the crime for which Garry was convicted and that he was "sentenced within the statutory limits, [and] his sentence [was not] 'manifestly unreasonable in light of the nature of the offense and character of the offender' for it to be overturned." *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997)(quoting in part *Koo v. State*, 640 N.E.2d 95, 97

(Ind. Ct. App. 1994)). The record clearly indicates that the sentence was appropriate. Based on the above, Garry's claim does not give rise to a federal claim and it is clear that Garry has not made any substantial showing of the denial of a constitutional right.

II. Procedurally Defaulted Claims

As explained in our prior ruling, Garry failed to properly pursue his ineffective assistance of trial counsel and his ineffective assistance of appellate counsel claims in the state courts and thus such arguments are procedurally defaulted. A *habeas corpus* petitioner procedurally defaults a claim when the claim "could have been but was not presented to the state court and cannot, at the time that the federal court reviews the *habeas* petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992). Unless the petitioner can show "good cause" for failing to present the claim to the state courts and "prejudice to the petitioner," a *habeas corpus* petitioner is barred from raising procedurally defaulted claims in federal court. *Id*.

In the instant action, Garry failed to argue during his direct appeal to the Illinois Appellate Court the issue of ineffective assistance of trial counsel. Rather, during his direct appeal to the Illinois Appellate Court Garry argued that: (1) the State did not meet its burden that he inflicted great bodily harm upon the victim; (2) the Illinois truth-in-sentencing provision, 730 ILCS 5/3-6-3(a)(2)(iii), is unconstitutional; (3) the Illinois extended-term sentencing provision, 730 ILCS 5/5-

5-3.2(b)(1), is unconstitutional; and (4) the Trial Court erred by considering an improper aggravating factor in sentencing him. The Illinois Appellate Court subsequently affirmed Garry's conviction and Garry did not raise the issue of ineffective assistance of trial counsel in his petition for leave to file and appeal in the Illinois Supreme Court.

While Garry's direct appeal was pending, Garry filed a *pro se* post-conviction petition, where he did not raise the issue of ineffective assistance of counsel. During the post-conviction proceedings, Garry was appointed counsel, and his appointed counsel did not amend the petition claiming ineffective assistance of trial counsel. After the court dismissed Garry's action, he appealed the dismissal of his post-conviction petition to the Illinois Appellate Court and did not include any arguments claiming ineffective assistance of counsel. During Garry's post-conviction appeal to the Illinois Appellate Court, Garry's counsel filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and the Illinois Appellate Court afforded Garry the opportunity to respond. Garry's response to his attorney's motion to withdraw did not raise any issues regarding ineffective assistance of counsel claims and the Illinois Appellate Court granted counsel's motion to withdraw and affirmed the dismissal of Garry's post-conviction petition. Finally, with regards to his post-conviction petition, Garry filed a *pro se* petition for leave to appeal to the Illinois Supreme Court and failed to raise the issues of ineffective assistance of trial or appellate counsel. Thus, such arguments could not be pursued in the Petition and no reasonable jurist could conclude otherwise.

In the Petition, Garry claimed that his post-conviction appellate counsel should have raised the issues of ineffective assistance of trial counsel on appeal, which Garry argued was the reason why the issues were not raised prior to the Petition. However, as explained in our prior ruling, Garry was afforded adequate opportunity to raise the issues before the state courts. When Garry's appointed counsel filed a motion to withdraw as appellate counsel, Garry's response did not raise the issue of ineffective assistance of counsel. In addition, Garry did not raise the issue of ineffective assistance of trial counsel and appellate counsel in his *pro se* petition for leave to appeal the dismissal of his post-conviction petition to the Illinois Supreme Court, but rather only raised the issue of ineffective assistance of post-conviction counsel. Thus, all of the above arguments by Garry are procedurally defaulted and Garry has failed to include any basis in the Petition that would justify his failure to raise the arguments during the state court proceedings. Also, even if we were to consider the argument, Garry did not point to sufficient evidence that indicates that his trial counsel and appellate counsel were ineffective. *See Benefiel v. Davis*, 357 F.3d 655, 661 (7th Cir. 2004)(stating that "[a]n ineffective assistance claim has two components," which require a petitioner to show that "counsel's performance was deficient" and that "the deficiency prejudiced his defense"). Rather, the record clearly indicates that Garry's counsel provided Garry with adequate representation. *Id*. (stating that "[t]o establish deficient performance, a petitioner must demonstrate that the representation 'fell below an objective standard of reasonableness'")(quoting in part *Strickland v. Washington*, 466 U.S. 668 (1984)).

### III. Alleged Use of Perjured Testimony

Garry claimed in the Petition that the State knowingly and intentionally used perjured testimony. In order to obtain *habeas* relief based on perjured testimony used by the prosecutor at trial, Garry was required to show: "(1) that the prosecution indeed presented perjured testimony, (2) that the prosecution knew or should have known of the perjury, and (3) that there is some likelihood that the false testimony impacted the jury's verdict." *Harding v. Walls*, 300 F.3d 824, 828 (7th Cir. 2002). Further, "mere inconsistencies in the testimony of a government witness fall short of establishing that the government knowingly used false testimony and 'the alleged perjured testimony must bear a direct relationship to the defendant's guilt or innocence.'" *Tayborn v. Scott*, 251 F.3d 1125, 1131 (7th Cir. 2001).

As explained in our prior ruling, Garry's claim that the prosecutor knowingly elicited perjured testimony at trial was found by the Illinois Appellate Court to be without merit. *See Garry*, No. 4-04-0310, at 10 (stating that "[Garry's] allegations, supported by the record and accompanying documents, d[id] not demonstrate a substantial showing that the State knowingly presented false testimony at [Garry's] trial")(emphasis in original). In addition, we noted that Garry did not provide any additional information in the Petition and there was insufficient evidence that the State presented perjured testimony. In addition, no evidence exists that the testimony of any witnesses was inconsistent with the victim's testimony or that the victim committed perjury. Also, even if any of the witnesses committed perjury, there is no

evidence that the prosecutor knew of the falsity of the testimony. Finally, the alleged perjured testimony would not have altered the jury's verdict since the alleged instances of false testimony were not material and the evidence clearly established Garry's guilt. Thus, Garry's claims that the prosecutor knowingly and intentionally used perjured testimony are without merit and the Illinois Appellate Court's affirmation of the trial court relating to such testimony was not "unreasonable" or contrary to "clearly established federal law." 28 U.S.C. § 2254(d)(1), (2).

IV. Ineffective Assistance of Post-Conviction Counsel

In the Petition, Garry argued that he received ineffective assistance of post-conviction counsel. As explained in our prior ruling, 28 U.S.C. § 2254(i) states that: "ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). In addition, the appointment and performance of post-conviction counsel is governed by the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq.*, which states that Illinois courts may appoint post-conviction counsel to a person who is able to establish that he does not have the means to retain post-conviction counsel. The right under Illinois law to the appointment of post-conviction counsel exceeds the guarantees of the Sixth Amendment of the federal Constitution, which does not provide state prisoners with the right to counsel on collateral appeal. *See Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003)(stating that "there is no constitutional right to an attorney in state

post-conviction proceedings"); *see also Johnson v. McBride*, 381 F.3d 587, 590 (7th Cir. 2004)(stating that effective counsel for collateral proceedings is not guaranteed and thus not grounds for *habeas* review). Thus, Garry does not have a federal right to post-conviction counsel and Garry has failed to point to sufficient evidence of any deprivation of a federal right with respect to his post-conviction counsel.

Based on the above, Garry has failed to make a substantial showing of the denial of a constitutional right and no reasonable jurist could debate whether the Petition should not have been denied. We also conclude that the Petition lacks any merit and Garry has not presented any arguments in the Petition or his motion for a certificate of appealability that would indicate that the Petition deserves encouragement to proceed further on appeal. Therefore, we deny the motion for a certificate of appealability.

## CONCLUSION

Based on the foregoing analysis, we deny the motion for certificate of appealability.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 18, 2007